**FAEGRE DRINKER BIDDLE & REATH LLP**
Jeffrey S. Jacobson, Esq.
600 Campus Drive
Florham Park, New Jersey 07932
Tel: (973) 549-7000
Fax: (973) 549-9831
Email: jeffrey.jacobson@faegredrinker.com
*Attorneys for the Applicants*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | Case No. _____ |
| *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. §1782 FOR AN ORDER TO TAKE DISCOVERY OF GAURAV PATEL FOR USE IN A FOREIGN PROCEEDING | **FILED *EX PARTE*** <br><br> (Document Filed Electronically) |

### *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF <u>GAURAV PATEL FOR USE IN A FOREIGN PROCEEDING</u>

Based upon this application, concurrently filed Memorandum of Law, and Declaration of Robert K. Campbell ("Campbell Decl."), the following individuals and entities:  (1) Oak Trust, (2) Acorn Trust, (3) Eagle Trust, (4) Duffy Trust, (5) Robert J. Parfet Living Trust, (6) Geluk Global Fund Limited SAC (a company incorporated in the Bahamas), (7) Migration Investments, LLC (a Colorado, US LLC ), (8) Boustrophedon International Ltd (a company incorporated in Hong Kong), (9) Michael R. Shea, (10) Erin Shea, (11) Angela Ling, (12) Fuhua Ling, (13) Philip Bullock, (14) Lifang Liu, (15) Justin Payne, (16) Michael Dietzen, (17) Kimberly J. Dietzen, (18) Brian Sly, (19) David K. Sly, (20) Gregory Sly, (21) Karen Sly, (22) Nelson Sly, (23) Helen S. Sly, (24) Sly Family Trust, and (25) Tamara A. Sly Separate Property Trust (together the "Applicants"), by and through their attorneys Faegre Drinker Biddle & Reath LLP, apply to this Court pursuant to 28 U.S.C. § 1782 for an Order granting them leave to serve targeted discovery,

in compliance with all relevant provisions of Fed. R. Civ. P. 45, and in the same form as the Subpoena *Duces Tecum*, and Subpoena *Ad Testificandum*, attached hereto as Exhibits A and B[1], upon Gaurav Patel ("Patel"), whose personal residence is located within this district at 18 Parkside Drive, Parsippany, NJ 07054, permitting Applicants to obtain documents and testimony for use in an anticipated foreign proceeding in which they will be claimants. Applicants request that the Court grant them leave *ex parte*. This is the normal procedure for Section 1782 applications, and Patel, as respondent to this Application, retains the ability to respond to the subpoenas attached to this Application as Exhibits A and B pursuant to the governing discovery rules, and/or to object pursuant to Fed. R. Civ. P. 45(c)(3).

Applicants expect to be claimants in an anticipated proceeding in the High Court of England and Wales in London, England (the "U.K. Proceeding"). *See* Campbell Decl., ¶¶ 3, 7-11. Patel is not expected to be a party to the U.K. Proceeding. *See* Campbell Decl., ¶ 13. Applicants have not yet been provided copies of the documents they seek pursuant to the Subpoena *Duces Tecum*, attached hereto as Exhibit A, or an opportunity to elicit the testimony described in the Subpoena *Ad Testificandum* attached hereto as Exhibit B. *See* Campbell Decl., ¶ 20.

As more fully detailed in Applicant's Memorandum of Law and the Declaration of Robert K. Campbell accompanying this Application, the documents and testimony Applicants seek from Patel are believed to contain key information relevant to formulating their claims in the anticipated U.K. Proceeding. *Id.* ¶¶ 14-16. More specifically, Applicants seek documents and testimony

---

[1] As drafted and attached hereto, the Document Subpoena and Deposition Subpoena do not contain specific dates for compliance, as such dates setting forth the time period in which respondent are to comply, cannot be populated until such time as an order may be granted authorizing their service. Accordingly, as reflected in the attached proposed order, upon entry of an order granting the relief requested herein, counsel for Applicants would anticipate revising Exhibits A and B to reflect compliance dates in accordance therewith.

believed to support their allegations that the wrongful conduct of Equiti Capital UK Limited ("Equiti UK") in connection with its facilitation and concealment of a fraudulent Forex trading scheme ("the Mediatrix Fraud") operated by Mediatrix Capital Inc. ("Mediatrix") and Blue Isle Markets Inc. ("Blue Isle 1") and its successor, Blue Isle Markets Ltd. ("Blue Isle 2") (collectively referred to as "Blue Isle"), in which Applicants invested, resulted in their suffering significant financial losses. *Id.* Under the Civil Practice Rules 1998 governing procedure in the High Court of England and Wales ("the CPR"), Applicants have served Equiti UK with a formal "Letter of Claim," detailing certain factual and legal bases to support their claims against Equiti UK pursuant to the laws of England and Wales, including claims for damages and/or equitable compensation under various legal theories stemming from Equiti UK's role in connection with Blue Isle / Mediatrix's fraud. *Id.*, ¶ 9.

As set forth in the accompanying Memorandum of Law and Campbell Declaration, Applicants satisfy the statutory elements of 28 U.S.C. § 1782. The discretionary factors identified in *Intel Corp. v. Advanced Micro Devices, Inc.* also favor granting the relief requested herein. 542 U.S. 241, 264-65, 124 S. Ct. 2466, 2483 (2004). The statutory elements are satisfied because Patel resides and is found in this District, the claims that Applicants expect to file in the U.K. constitute a reasonably anticipated proceeding before a foreign tribunal (*see* Campbell Decl., ¶¶ 7-12), and Applicants seek documents and testimony for use in that proceeding.

As for *Intel's* discretionary factors, the discovery sought through this Application is not otherwise accessible to Applicants—including because Patel is not expected to be a party to the U.K. Proceeding or otherwise subject to the jurisdiction of the High Court of England and Wales, *see id.*, ¶¶ 13, 19. In addition, production of the requested discovery will not circumvent any policies of the United Kingdom or United States, or violate any court order or directive. *Id.* ¶ 20.

Further, the CPR contemplates that parties to proceedings in the High Court of England and Wales will engage in discovery and allows for the submission of documentary evidence. Accordingly, it is anticipated that discovery collected through this Application will be admissible in the context of the U.K. Proceeding. *See id.*, ¶¶ 17-18.  Further, the requests to Patel, attached hereto as Exhibits A and B, are specific and narrowly tailored, and, thus, Patel's production in response thereto is therefore not anticipated to be unduly intrusive or burdensome. Patel may also avail himself of the protections available to any third-party subpoena respondent under the Federal Rules of Civil Procedure to shield privileged and proprietary information from disclosure.  The filing of the U.K. Proceeding is also reasonably anticipated, as confirmed by Applicants' issuance of a Letter of Claim to Equiti UK.  *Id.*, ¶¶ 3, 7-11.

      Moreover, the burden on Patel to respond to the attached subpoenas is minimal to the extent he is being commanded to produce documents already preserved, identified and/or produced in other litigation involving the same operative facts.  For instance, the U.S. Securities and Exchange Commission has conducted an investigation and initiated litigation against Mediatrix and Blue Isle for the fraud Applicants assert Equiti UK facilitated. That litigation remains pending in the United States District Court for the District of Colorado.[2]  Patel provided deposition testimony in the SEC litigation. To the extent Patel has collected and/or produced documents related to his deposition testimony or otherwise related to the SEC investigation or litigation, it would not be burdensome for Patel to reproduce such documents in response to the attached subpoenas.

---

[2] *See United States Securities and Exchange Commission v. Mediatrix Capital Inc. et al*, No. 1:19-cv-02594-RM-SKC (D. Colo. filed Sept. 12, 2019).

For these reasons, Applicants respectfully request that this Court grant their Application for an Order giving them leave to serve upon Patel the Subpoenas attached hereto as Exhibits A and B.

Dated: February 18, 2021	**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Jeffrey S. Jacobson*
Jeffrey S. Jacobson, Esq.
600 Campus Drive
Florham Park, New Jersey 07932
Tel: (973) 549-7000
Fax: (973) 549-9831
Email: jeffrey.jacobson@faegredrinker.com
*Attorneys for the Applicants*

US.131216705.03

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify to the best of my knowledge, information, and belief that the application for discovery of Gaurav Patel for use in a foreign proceeding is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  As set forth in the accompanying Memorandum of Law and Declaration of Robert K. Campbell, the underlying claims for which discovery is sought are expected to be brought in the High Court of England and Wales in London, England.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2021         **FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Jeffrey S. Jacobson*
Jeffrey S. Jacobson, Esq.
600 Campus Drive
Florham Park, New Jersey 07932
Tel: (973) 549-7000
Fax: (973) 549-9831
Email: jeffrey.jacobson@faegredrinker.com
*Attorneys for the Applicants*

US.131216705.03