# **<u>Exhibit A</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| Ex Parte Appl'n to Take Discovery of Gaurav Patel  )  <br>*Plaintiff*  )  <br>v.  )   Civil Action No. <br>  )  <br>  )  <br>*Defendant*  ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Gaurav Patel of 18 Parkside Drive, Parsippany, NJ 07054

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: materials identified in the attached Exhibit A.

| Place: Faegre Drinker Offices, 600 Campus Dr, Florham Park, NJ 07932 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

  *CLERK OF COURT*
  OR

  _____          _____
  *Signature of Clerk or Deputy Clerk*                                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert J. Parfet Living Trust, et al. , who issues or requests this subpoena, are:

Jeffrey Jacobson; 600 Campus Drive, Florham Park, NJ 07932; jeffrey.jacobson@faegredrinker.com; 212 248 3191

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. The **"Action"** refers to the Application for an Order to Take Discovery from Gaurav Patel Pursuant to 28 U.S.C. § 1782, captioned *In re Ex Parte Application Pursuant to 28 U.S.C. § 1782 to Take Discovery of Gaurav Patel for Use in a Foreign Proceeding*, pending in the United States District Court for the District of New Jersey.

2. The "**SEC Litigation**" refers to *United States Securities and Exchange Commission v. Mediatrix Capital Inc., et al.*, Case No. 1:19-cv-02594-RM-SKC, currently pending in the United States District Court for the District of Colorado.

3. **"You"** and **"Yours"** refers to Gaurav Patel of 18 Parkside Drive, Parsippany, NJ 07054.

4. The **"Relevant Period"** means January 1, 2015 through the present.

5. **"Equiti"** or **"Equiti Entities"** refers to Equiti Group Limited; Equiti US, LLC, f/k/a Divisa US, LLC; Equiti Capital UK Limited, f/k/a Divisa UK Limited; Equiti Armenia CJSC, f/k/a Divisa AM CJSC; and/or any predecessor entities, including Divisa, together with its affiliates, subsidiaries, officers, directors, employees, agents, attorneys, representatives, and anyone acting or purporting to act on their behalf.

6. **"BI/M"** refers to Blue Isle Markets Inc.; Blue Isle Markets Ltd.; Mediatrix Capital Inc.; Mediatrix Capital, LLC; Mediatrix Capital Fund Ltd.; Mediatrix Capital PR LLC; and/or Island Technologies, LLC, together with their officers, directors, employees, agents, attorneys, representatives, and anyone acting or purporting to act on their behalf—including, but not limited to, Michael Stewart, Michael Young, or Bryant Sewall.

7. **"Blue Isle Investor"** refers to any Person who has transferred funds to BI/M with the purpose of BI/M investing or trading those funds, including without limitation, any Person whose funds have been held in any Blue Isle Brokerage Account.

8. **"Blue Isle Brokerage Account"** refers to any account at Equiti held in the name of BI/M, including without limitation, Equiti Capital UK Limited account numbers ending in 0160, 0166, and 0167, and Equiti Armenia CJSC account numbers ending in 0013, 0021, 0023, and 0029.

9. **"Person"** or **"persons"** refers to natural persons, partnerships, limited liability companies, or corporations.

10. The term **"Document"** or **"Documents"** is coextensive with its meaning in Federal Rule of Civil Procedure 34. All copies of documents which are not identical duplicates of the originals, such as where handwritten notes appear on them or are attached to them, are to be considered separate documents and must be produced.

11. **"Communication"** or **"Communications"** shall mean any oral or written statement, dialogue, colloquy, discussion, telephone conversation, video conference conversation, face-to-face meeting, text message, instant message, calendar invite, social media message, e-mail, or conversation, and also any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

12. Whenever the phrase **"relate to," "related to,"** or **"relating to"** is used herein, it shall mean concerning, constituting, containing, embodying, identifying, dealing with, reflecting, mentioning, defining, explaining, discussing, commenting upon, monitoring, supporting, evidencing, modifying, contradicting, quoting, criticizing, describing, creating or maintaining,

bearing upon, referring to, having any relationship to, constituting a basis for, deriving from or arising from, or in any manner whatsoever pertinent to that subject.

13.     **"Including"** and **"including without limitation"** are intended to illustrate the kind of information responsive to each request herein. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the requests.

## INSTRUCTIONS

1.      In accordance with Federal Rule of Civil Procedure 45, You shall produce the Documents for inspection as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the following requests.

2.      Pursuant to Federal Rule of Civil Procedure 45, You are required to produce all Documents requested which are in Your possession, custody and/or control or within the possession, custody, or control of Your attorneys.

3.      If You claim that any Document responsive to any request below is subject to a privilege or is confidential under Federal Rule of Civil Procedure 45(e)(2), please identify the name(s) of the author(s), all recipients, the date of the Document, the subject matter of the Document, the privilege or nature of confidentiality claimed, and the circumstances that give rise to the privilege or confidentiality.

4.      All Documents existing in electronic form shall be produced in electronic form in a manner to preserve, without alteration or modification, all metadata associated with the electronic Document, including without limitation extracted text.

5.      If You are unable to answer or respond fully to any Document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full.

6. Unless otherwise noted in the Request, the responsive time period for each Request is the Relevant Period—i.e. January 1, 2015 through the present.

## DOCUMENTS REQUESTED

1. All Documents and Communications related to or supporting, testimony given at Your September 30, 2019 deposition in the SEC Litigation, including without limitation, the statement that you were "sure everybody at Equiti knew about [the "hole"]" or open losing positions that were not closed out.

2. All Communications related to Gary Dennison referring you to BI/M for employment.

3. All Documents and Communications relating to Equiti's business dealings and relationship with BI/M.

4. All Documents related to Equiti's provision of technology and/or technology support services to BI/M, including without limitation, the provision of software, server hosting, installation services, training, and/or technical support or consulting.

5. All Documents and Communications related to guidelines, guidance, and/or instructions Equiti provided to BI/M related to the "proper use of the Software MetaTrader 4, plugins, and/or other software that connects to, or affects the Software" as set forth in Section 4(b) of the 2016 Memorandum of Understanding between Equiti and BI/M.

6. All Documents related to how the MT4 software allocated trades between Blue Isle Investors.

7. All Documents related to the contents of the Blue Isle Investor account statements.

8. All Communications between Equiti and BI/M during the Relevant Period.

9. All Documents and Communications related to trading losses in the Blue Isle Brokerage Accounts.

10. All Documents related to meetings—including in-person, telephonic, and via video conference—between Equiti and BI/M, including without limitation, all calendar entries or invites, travel receipts, and call histories reflecting such meetings.

11. All Documents You have provided to the court-appointed Receiver, Brick Kane of Robb Evans & Associates LLC, in the SEC Litigation.

12. All Documents You have provided to the United States Securities & Exchange Commission or any United States Attorney's Office relating to Equiti and/or BI/M.

13. Copies of any transcripts of testimony or sworn statements You have given before the United States Securities & Exchange Commission, the U.S. Department of Justice or any United States Attorney's Office relating to Equiti and/or BI/M.