# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. §1782 FOR AN ORDER TO TAKE DISCOVERY OF GAURAV PATEL FOR USE IN A FOREIGN PROCEEDING | Case No. _____<br><br>**FILED *EX PARTE***<br><br>(Document Filed Electronically) |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF GAURAV PATEL FOR USE IN A FOREIGN PROCEEDING**

**FAEGRE DRINKER BIDDLE & REATH LLP**
Jeffrey S. Jacobson, Esq.
600 Campus Drive
Florham Park, New Jersey 07932
Tel: (973) 549-7000
Fax: (973) 549-9831
Email: jeffrey.jacobson@faegredrinker.com
*Attorneys for the Applicants*

US.131216703.04

## **TABLE OF CONTENTS**

Page

SUBJECT MATTER JURISDICTION AND VENUE ................................................................ 1

BACKGROUND .............................................................................................................................. 2

    A.    Summary of Facts Supporting Applicants' Claims in the U.K. Proceeding .......... 2

    B.    Anticipated U.K. Proceeding ................................................................................. 3

    C.    Documents and Testimony Sought from Patel ....................................................... 3

ARGUMENT .................................................................................................................................... 5

    A.    The Application Meets the Statutory Requirements of 28 U.S.C. § 1782 ............. 5

    B.    The Discretionary Intel Factors Weigh in Favor of Granting the
Application ............................................................................................................. 9

CONCLUSION ............................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
   747 F.3d 1262 (11th Cir. 2014) ..................................................................................8

*In re Ex Parte Application of Global Energy Horizons Corp.*,
   No. 5:15–mc–80078–PSG, 2015 WL 1325758 (N.D. Cal. Mar. 24, 2015) ........................7, 11

*In re Application Pursuant to 28 U.S.C. 1782 for an Order Permitting Bayer AG*,
   146 F.3d 188 (3d Cir. 1998)...............................................................................9, 11, 12

*Bayer AG v. Betachem, Inc.*,
   173 F.3d 188 (3d Cir.1999)........................................................................................5

*In re Biomet Orthopaedics Switz. GmbH*,
   742 F. App'x 690 (3d Cir. 2018) .................................................................................5

*BNSF Railway Co. v. Tyrrell*,
   137 S. Ct. 1549 (2017)..............................................................................................6

*Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*
   613 Fed. Appx. 319 (5th Cir. 2015).............................................................................8

*Bristol Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017)..............................................................................................6

*In re Chevron Corp.*,
   633 F.3d 153 (3d. Cir. 2011)..................................................................................5, 12

*Daimler A.G. v. Bauman*,
   571 U.S. 117 (2014)..................................................................................................6

*In re Edelman*,
   295 F.3d 171 (2d Cir. 2002)......................................................................................13

*Goodyear Dunlop Tires Operations S.A. v. Brown*,
   564 U.S. 915 (2011)..................................................................................................6

*Matter of HES (Caribbean) Int'l Holdings, S.R.L.*,
   2020 WL 728892 (D.N.J. Feb. 13, 2020) ...................................................................13

*In re IKB Deutsche Industriebank AG*,
   No. 09-cv-7852, 2010 WL 1526070 (N.D. Ill. Apr. 8, 2010)..........................................7, 11

US.131216703.04

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) .................................................................................................. *passim*

*Interbrew Central European Holdings BV v. Molson Coors Brewing Co.*,
   No. 13–cv–02096–MSK–KLM, 2003 WL 5567504 (D. Colo. Oct. 9, 2013) ................... 7, 11

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015) ..................................................................................................... 8

*In re O'Keeffe*,
   646 F. App'x 263 (3d Cir. 2016) ............................................................................................... 5

*In re Oxus Gold PLC*,
   2007 WL 1037387 (D.N.J. Apr. 2, 2007) ............................................................................. 6, 9

*In re the Republic of Turk.*,
   No. 2:19-CV-20107-ES-SCM, 2020 U.S. Dist. LEXIS 87542 (D.N.J. May 18,
   2020) ................................................................................................................................. 10, 13

*Servotronics, Inc. v. Boeing Co.*,
   954 F.3d 209 (4th Cir. 2020) .............................................................................................. 7, 11

*Matter of Simetra Global Assets Limited and Richcroft Investments Limited*,
   2016 WL 3018692 (D.N.J. May 25, 2016) ........................................................................ 7, 11

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1331 ............................................................................................................................. 1

28 U.S.C. § 1782 .................................................................................................................... *passim*

Fed. R. Civ. P. 45(c) ..................................................................................................................... 13

This Memorandum of Law is submitted in support of: (1) Oak Trust, (2) Acorn Trust, (3) Eagle Trust, (4) Duffy Trust, (5) Robert J. Parfet Living Trust, (6) Geluk Global Fund Limited SAC (a company incorporated in the Bahamas), (7) Migration Investments, LLC (a Colorado, US LLC), (8) Boustrophedon International Ltd (a company incorporated in Hong Kong), (9) Michael R. Shea, (10) Erin Shea, (11) Angela Ling, (12) Fuhua Ling, (13) Philip Bullock, (14) Lifang Liu, (15) Justin Payne, (16) Michael Dietzen, (17) Kimberly J. Dietzen, (18) Brian Sly, (19) David K. Sly, (20) Gregory Sly, (21) Karen Sly, (22) Nelson Sly, (23) Helen S. Sly, (24) Sly Family Trust, and (25) Tamara A. Sly Separate Property Trust (together the "Applicants")'s *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 for an Order to Take Discovery of Gaurav Patel ("Patel") for Use in a Foreign Proceeding (the "Application"), allowing it to serve a Subpoena *Duces Tecum* and Subpoena *Ad Testificandum*, attached to the Application as Exhibits A and B, upon Patel in order to collect documents and testimony that may be used in an anticipated proceeding in the High Court of England and Wales in London, England (the "U.K. Proceeding"), and in which Applicants expect to be claimants, as more fully described below.

## SUBJECT MATTER JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. § 1331, and on the basis that the Application is being made pursuant to 28 U.S.C. § 1782. Venue in this District is proper pursuant to 28 U.S.C. § 1782 because discovery is being sought from an individual who resides within this judicial district.

1

**BACKGROUND**

A.    **Summary of Facts Supporting Applicants' Claims in the U.K. Proceeding**

In their anticipated filing before the High Court of England and Wales, Applicants expect to allege violations of the laws of England and Wales based on the wrongful conduct of Equiti Capital UK Limited ("Equiti UK") in its facilitation and concealment of a fraudulent Forex trading scheme ("the Mediatrix Fraud") operated by Mediatrix Capital Inc. ("Mediatrix") and Blue Isle Markets Inc. ("Blue Isle 1") and its successor, Blue Isle Markets Ltd. ("Blue Isle 2") (collectively referred to as "Blue Isle"), in which Applicants invested. *See* Declaration of Robert K. Campbell ("Campbell Decl.") submitted herewith, ¶¶ 4-7.

The Mediatrix Fraud involved multiple components. First, Blue Isle / Mediatrix fraudulently induced investment through material misrepresentations, including regarding the profitability of their trading history, the value of their assets under management, the existence of audited trading results, and their regulated status. *Id.* ¶ 5. Then, Blue Isle / Mediatrix fraudulently induced investors to maintain and/or increase their investments by falsifying investors' account statements to show phantom profits and making Ponzi-like payments to investors who opted to cash out their "profits," all in an effort to prop-up the façade of profitable trading and perpetuate the fraud. *Id.* Ultimately, Blue Isle / Mediatrix's fraudulent scheme resulted in massive trading losses of the funds that were invested in order to further perpetuate the fraud and allowed Blue Isle / Mediatrix to misappropriate funds—both directly and through taking unearned performance fees based on falsified trading results. *Id.*

On the basis of currently available information, Applicants understand the relationship between Equiti UK, and Blue Isle began in or around February-March 2016 when under its direction and supervision, Equiti UK's U.S. and Armenian wholly-owned subsidiaries entered into

agreements with Blue Isle. *Id.* ¶ 6. The relationship between Blue Isle and Equiti UK was subsequently formalized in a customer agreement dated June 12, 2017. *Id.* From February-March 2016 until September 2019, Equiti UK provided brokerage services, trade execution and margin services to Blue Isle for which it appears to have earned and claimed more than $12 million in circumstances where it knew, or alternatively should have known, that Mediatrix and Blue Isle were operating a fraudulent scheme of which Applicants were victims. *See id.* Further, Equiti UK failed to perform adequate due diligence both initially and on an ongoing monitoring basis, which had they performed—as they represented to investors that they did—would have revealed "red flags" that became more numerous and severe with the passage of time and which should have alerted it to the fraudulent nature of Blue Isle's scheme. *Id.* Equiti UK should have inquired further into Blue Isle / Mediatrix in the face of the escalating "red flags," including for example, when Blue Isle told Equiti UK it had $25 million in assets and was trading "$15 billion+" annually. In sum, the Mediatrix Fraud was made possible by, among other misconduct, Equiti UK's knowing assistance and/or deliberate blindness. *Id.*

**B.     Anticipated U.K. Proceeding**

As a result, on the basis of the information currently available, Applicants intend to pursue claims against Equiti UK pursuant to the laws of England and Wales for damages and/or equitable compensation under various legal theories stemming from Equiti UK's role in connection with Blue Isle / Mediatrix's fraud. *See* Campbell Decl., ¶ 7.

**C.     Documents and Testimony Sought from Patel**

Applicants seek relevant documents and testimony from Patel to prepare for the anticipated U.K. Proceeding. The documents and testimony sought in this *ex parte* application have not ever been provided to Applicants. *See* Campbell Decl., ¶ 20.

Patel is in possession of information and/or documents relevant to Applicants' claims in the U.K. Proceeding. Specifically, Patel is the former Chief Technology Officer Blue Isle who had access to all Blue Isle trading technology, including the software used to allocate trading losses among Blue Isle investors and prepare account statements. *Id.*, ¶ 14.

In September 2019, Patel gave deposition testimony in litigation initiated by the United States Securities and Exchange Commission against Mediatrix and Blue isle regarding the fraud Applicants allege Equiti UK facilitated.[1] In his deposition, Patel testified regarding: (1) Blue Isle's trading operations; (2) the extent of the relationship between Equiti UK and Blue Isle; and, critically (3) that Equiti UK was aware Blue Isle's trading was resulting in mounting losses that it did not disclose to investors. *Id.*, ¶ 15.

Through this Application, Applicants request information related to: (1) the testimony Patel gave in his September 2019 deposition; (2) documents and communications relating to Equiti UK's business dealing and relationship with Mediatrix / Blue Isle; and (3) communications between Equiti UK and Mediatrix / Blue Isle; (4) documents and testimony provided to the SEC or any U.S. Attorney's Office relating to Equiti UK, Blue Isle, or Mediatrix.[2]

Proposed subpoenas describing the documents and testimony Applicants seek from Patel for use in the U.K. Proceeding are attached as Exhibits A and B to the Application.

---

[1] *See United States Securities and Exchange Commission v. Mediatrix Capital Inc. et al*, No. 1:19-cv-02594-RM-SKC (D. Colo. filed Sept. 12, 2019).

[2] Additionally, the factual circumstances prompting Applicants to initiate the anticipated U.K. Proceeding against Equiti UK, are already the subject of separate litigation brought by the United States Securities and Exchange Commission against various entities alleged to be involved in the same fraud perpetrated by Equiti UK, including Mediatrix, Blue Isle 1, and its successor, Blue Isle 2. *See United States Securities and Exchange Commission v. Mediatrix Capital Inc. et al*, No. 1:19-cv-02594-RM-SKC, (D. Colo., filed Sept. 12, 2019). That litigation remains pending in the United States District Court for the District of Colorado.

## ARGUMENT

An application pursuant to 28 U.S.C. § 1782 requires both that the district court is statutorily authorized to grant the request, and, if so, that additional discretionary factors counsel in favor of doing so. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004); *In re Chevron Corp.*, 633 F.3d 153, 161-62 (3d. Cir. 2011) (outlining "factors that a district court should consider when ruling on a section 1782(a) request."); *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 190 (3d Cir.1999).

### A.  The Application Meets the Statutory Requirements of 28 U.S.C. § 1782

"The fundamental statutory requirements for a discovery subpoena under section 1782 are: (1) the person from whom discovery is sought resides in the district; (2) the request seeks the 'testimony or statement' of a person or the production of a 'document or other thing'; (3) the discovery is for use in proceedings before a foreign or international tribunal; and (4) the application is made by either a 'foreign or international tribunal' or by an 'interested party.'" *In re O'Keeffe*, 646 F. App'x 263, 265 n.4 (3d Cir. 2016) (citing 28 U.S.C. § 1782). Specifically, the statute provides, in relevant part, that:

> The district court of the district in which ***a person resides*** or is found may order him to give his **testimony or statement or to produce a document** or other thing for ***use in a proceeding in a foreign...tribunal***. The order may be made...***upon the application of any interested person*** and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (emphasis added). A district court may grant an application pursuant to 28 U.S.C. § 1782 if these factors are met. *In re Biomet Orthopaedics Switz. GmbH*, 742 F. App'x

690, 695 (3d Cir. 2018) (describing statutory requirements of 28 U.S.C. § 1782 as "modest prima facie elements.").

Here, the first requirement is met, as Patel, the party from whom Applicants seek discovery, "resides or is found" within this District. Patel maintains a residence at 18 Parkside Drive, Parsippany, NJ 07054, which is located in this District. Patel is therefore subject to this court's general jurisdiction. *See Daimler A.G. v. Bauman,* 571 U.S. 117, 138-39 (2014) (holding that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."); *see also Bristol Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773 (2017); *BNSF Railway Co. v. Tyrrell,* 137 S. Ct. 1549 (2017); *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011). Equally as straightforward, the second prong is met because the Application seeks documents and testimony which Applicants anticipate using as potential evidence in the anticipated U.K. Proceeding. Campbell Decl. ¶¶ 14-16. *See also In re Oxus Gold PLC*, No. MISC: 06-82, 2006 U.S. Dist. LEXIS 74118, at *15-16 (D.N.J. Oct. 10, 2006) (granting application seeking discovery for use in proceedings authorized by, inter alia, the United Kingdom).

Third, Applicants seek documents and testimony from Patel for "use in a proceeding" in a "foreign tribunal." Campbell Decl. ¶¶ 14-16. The documents and testimony Applicants seek from Patel are highly relevant to their claims in the anticipated U.K. Proceeding. In particular, the documents and testimony Patel is anticipated to provide address the extent of Equiti's relationship with Blue Isle and Equiti's knowledge of Blue Isle hiding significant losses from investors. These topics are central to Applicants' contentions that Equiti UK's facilitation and concealment of the Mediatrix Fraud constitute the legal cause of the significant financial losses they suffered. *See id.,* ¶ 15-16. Applicants have no reason to believe that the documents and testimony elicited from Patel

will not be admissible in the U.K. Proceeding, nor that introduction of that evidence would be barred by any applicable law or local court rules. *See* Campbell Decl., ¶¶ 17-18. Notably, this Court has held that applications seeking discovery under 28 U.S.C. § 1782 for use in proceedings in the United Kingdom satisfy this requirement. *See e.g., Matter of Simetra Global Assets Limited and Richcroft Investments Limited*, 2016 WL 3018692, at *3 (D.N.J. May 25, 2016) (litigation in United Kingdom is foreign proceeding under Section 1782). Other courts have also held that applications seeking discovery under 28 U.S.C. § 1782 for use in proceedings in the United Kingdom satisfy this requirement. *See In re Ex Parte Application of Global Energy Horizons Corp.*, Case No. 5:15–mc–80078–PSG, 2015 WL 1325758, *2 (N.D. Cal. Mar. 24, 2015) ("[T]he discovery sought is for use in a proceeding before the High Court of Justice in England, United Kingdom, which is undisputedly a proceeding before a foreign or international tribunal under Section 1782(a).") (internal quotation omitted)); *Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209, 210 (4th Cir. 2020) (concluding that even an "arbitral panel in the United Kingdom is indeed a foreign tribunal for purposes of § 1782."); *Matter of Simetra Global Assets Ltd. & Richcroft Invest. Ltd.*, No. 16-2389 (JLL) (JAD), 2016 WL 3018692, at *3 (D.N.J. May 25, 2016) (litigation in United Kingdom is foreign proceeding under Section 1782); *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 WL 1526070, at *2 (N.D. Ill. Apr. 8, 2010) (same); *Interbrew Central European Holdings BV v. Molson Coors Brewing Co.*, No. 13–cv–02096–MSK–KLM, 2003 WL 5567504, at *2 (D. Colo. Oct. 9, 2013) (applicant met Section 1782 statutory factor where litigation was pending in the United Kingdom).

It is well-established that discovery sought for use in an "anticipated" proceeding falls within the scope of the statute's requirements that the discovery sought be for "use in a proceeding," especially where, as here, Applicants have provided detailed information regarding

7

their intent to proceed from their foreign counsel responsible for that anticipated proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 259 (2004) (the statute "only requires that a dispositive ruling by the [tribunal] be *within reasonable contemplation*") (emphasis added). The court's decision in *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.* 613 Fed. Appx. 319, 322-23 (5th Cir. 2015), is instructive. The circuit court in *Bravo Express Corp.* vacated the district court's denial of a Section 1782 application. In remanding it, with instruction to provide a written order, the circuit court specifically held that the applicants, who had not yet initiated proceedings in the U.K. but "intended to", satisfied Section 1782's second statutory requirement that discovery be sought "for use in a proceeding in a foreign or international tribunal." *Id.* at 323. In coming to this conclusion, the circuit court relied on both a sworn affidavit from applicants' counsel detailing the facts giving rise to the prospective lawsuit and confirming applicants' intent to file suit, and, later at the hearing on the application, further testimonial attestations that the applicants had prepared a claim letter setting forth their potential claims. *Id.*

Other courts have similarly held that a foreign proceeding need not be filed or actually pending before Section 1782 may be invoked. *See e.g., Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (vacating denial of Section 1782 application where applicants sought discovery to support "contemplated civil and private criminal suits" in Ecuador based principally on findings from auditors that foreign adversary could be liable, and finding that support satisfied the court's duty to "insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time"); *Mees v. Buiter*, 793 F.3d 291, 300-01 (2d Cir. 2015) (holding that proceedings within reasonable contemplation qualified as foreign proceedings under Section 1782). *See also Ex Rel. Application of Winning (HK) Shipping Co.,* No. 09-22659-MC, 2010 WL 1796579, at *4

8

(S.D. Fla. Apr. 30, 2010) ("there is no requirement that the foreign proceeding be 'pending' or even 'imminent' as long as the proceeding is 'within reasonable contemplation'") (quoting *Intel*, 542 U.S. at 253-54).

Here, Applicants conduct is indicative of their intent to file claims against Equiti UK in the United Kingdom. Among other things, they have retained counsel in the U.K., and drafted and served upon Equiti UK an extensively detailed "Letter of Claim." Campbell Decl. ¶ 8-9. Under the Civil Practice Rules 1998 governing procedure in the High Court of England and Wales ("the CPR"), the delivery of a "Letter of Claim" is a necessary precursor to the commencement of litigation, as stipulated by the applicable pre-action protocol. *Id.,* ¶ 11. This Application thus satisfies Section 1782's requirement that the discovery be "for use in a proceeding in a foreign tribunal." 28 U.S.C. § 1782.

Fourth, and lastly, each of Applicants are an "interested person" for purposes of Section 1782 because each expects to be a claimant in the anticipated U.K. Proceeding. *Id.,* ¶ 7. The Supreme Court has affirmed that the statute extends to parties to a foreign proceeding (*see Intel*, 542 U.S. at 256-57), and this court has held the same. *See In re Application Pursuant to 28 U.S.C. § 1782 of Michael Kors, L.L.C.*, 2016 WL 4472950, at *2-3 (D.N.J. Aug. 23, 2016) (litigant in foreign proceeding is interested person under Section 1782). Accordingly, Applicants have demonstrated that their request satisfies all of the statutory requirements of Section 1782.

**B.     The Discretionary *Intel* Factors Weigh in Favor of Granting the Application**

Once an applicant establishes the statutory elements of 28 U.S.C. § 1782, a court looks to additional factors to determine whether to exercise its discretion to order the discovery produced. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004); *In re Oxus Gold PLC*,

9

2007 WL 1037387, at *3 (D.N.J. Apr. 2, 2007).  The further "discretionary" factors identified in *Intel* are as follows:

    (1)    Whether the party from whom discovery is sought is a participant in the foreign proceeding;

    (2)    The nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of relevant foreign authorities to U.S. federal court assistance;

    (3)    Whether the requests conceal an attempt to circumvent foreign proof-gathering practices; and,

    (4)    Whether the requests are unduly intrusive or burdensome.

*Intel,* 542 U.S. at 264-65.  Applicants respectfully submit that the discretionary factors also weigh in favor of allowing them to seek the requested discovery from Patel.

    **1.**    **Patel Is Not a Party to the U.K. Proceeding**

This factor is undisputed, as Patel will not be a party in the anticipated U.K. Proceeding, and, therefore will remain outside the power of the High Court of England and Wales to compel production. Campbell Decl. ¶¶ 13, 19.  *See also Intel,* 542 U.S. at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding...the need for § 1782(a) generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."); *accord In re Ex parte in re the Republic of Turk.,* Civil Action No. 2:19-CV-20107-ES-SCM, 2020 U.S. Dist. LEXIS 87542, at *11 (D.N.J. May 18, 2020) (where respondent is not a party to the foreign proceeding, "this factor favors judicial assistance" in granting the application).  However, as discussed, Applicants believe that Patel, due to his role as former CTO at Blue Isle with full access to Blue Isle's trading technology, possesses information and/or documents regarding Equiti UK's facilitation, concealment, and knowledge of the

Mediatrix Fraud which is central to Applicants' anticipated claims in the U.K. Proceeding.³ *Id.,* ¶¶ 14-16. This factor, thus, weighs in favor of granting Applicants' request to obtain discovery from Patel.

> 2. **Section 1782 Applications Are Routinely Granted When the Discovery Sought is for Use in Proceedings**

As stated above, district courts have granted Section 1782 applications where discovery is sought for use in an anticipated proceeding in the U.K. *See e.g., Global Energy Horizons*, 2015 WL 1325758, *2; *Servotronics,* 954 F.3d at 210; *Simetra Global Assets Ltd.*, 2016 WL 3018692, at *3; *In re IKB Deutsche Industriebank AG*, 2010 WL 1526070, at *2; *Interbrew Central European Holdings BV*, 2003 WL 5567504, at *2. Based on this rationale, courts have concluded that "there is no indication that the courts of the United Kingdom would be unreceptive to American evidence." *See In re Application Pursuant to 28 U.S.C. 1782 for an Order Permitting Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998) (discussing liberalness of discoverability and admissibility considerations when analyzing requests made pursuant to 28 U.S.C. Section 1782).

As detailed in the supporting declaration from U.K. counsel, it is expected that the documents and testimony elicited from Patel will be admissible in the U.K. Proceeding and are not barred by any applicable law or local court rules. Campbell Decl. ¶¶ 17-18. Indeed, the CPR contemplates that parties to proceedings within the High Court of England and Wales will engage in discovery and allows for the submission of documentary evidence. *Id.* The second discretionary *Intel* factor therefore also favors granting the Application.

---

³ *See* discussion at page 7, *supra*.

  **3. Applicants' Request Does Not Attempt to Circumvent Foreign Proof-Gathering Practices**

  Applicants seek documents and testimony from Patel, an individual known to have document and information concerning the facts underlying the claims they intend to assert in the anticipated U.K. Proceeding. Patel, who resides in the United States, is beyond the power of the High Court of England and Wales to compel him to provide that evidence to them, and not under the control of Equiti UK. Accordingly, and as is commonplace, Applicants have turned to Section 1782 to obtain evidence necessary to proceed on their claims in the U.K. Proceeding. The Subpoenas that Applicants intend to issue to Patel are being served in the interests of efficiency and solely to assist them to prepare and litigate their claims in the U.K. Proceeding. As previously noted, the CPR contemplates that parties to proceedings within the High Court of England and Wales will engage in discovery and allows for the submission of documentary evidence. *See* Campbell Decl. ¶¶ 17-18. *See also In re Chevron Corp.*, 633 F.3d 153, 163 (3d. Cir. 2011) (absent definitive determination that foreign tribunal denied applicant access to the same documents being sought through the section 1782 discovery application . . . "it cannot be said that [the] 1782 application is 'an attempt to circumvent foreign proof-gathering restrictions.'") (quoting *Intel*, 542 U.S. at 265); *In re Bayer AG*, 146 F.3d at 193 ("refusing to impos[e] a requirement that the materials sought be discoverable in the foreign jurisdiction," on the basis such requirement would be "inconsistent with both the letter and spirit of the statute"). No judicial authority in the U.K. has rejected any effort by Applicant to obtain the requested documents and other materials. *Id.,* Campbell Decl. ¶ 20. Accordingly, the third discretionary *Intel* factor is met.

  **4. The Discovery Sought from Patel Is Specific, Narrow, and Not Unduly Intrusive or Burdensome.**

  Applicants' requests are limited to discrete issues that are narrowly tailored to obtain information regarding the actions taken by Equiti UK in connection with its facilitation and

concealment of the Mediatrix Fraud. Specifically, Applicants seek documents related to certain statements Patel made at his September 2019 deposition, regarding (1) Blue Isle's trading operations; (2) the extent of the relationship between Equiti UK and Blue Isle; and, critically (3) that Equiti UK was aware Blue Isle's trading was resulting in mounting losses that it did not disclose to investors. Campbell Decl. ¶¶ 14-16. Each of these topics is relevant to Applicants' claims against Equiti UK in the anticipated U.K. Proceeding. *See id.* ¶¶ 4-7.

Accordingly, Applicants' requests specifically seek documents Patel is known, or credibly suspected, to have in his possession or control. *See Application,* Exhs. A-B. Furthermore, any burden on Patel is anticipated to be minimal. To the extent Patel has collected and/or produced documents related to the SEC investigation or litigation, it would not be burdensome for Patel to reproduce such documents in response to the attached subpoenas.[4] *See In re Republic of Turk.,* 2020 U.S. Dist. LEXIS 87542, at *14 ("Undue burden is limited to harm inflicted in complying with the subpoena, and not to related follow-on issues such as whether the subpoenaed information is potentially protected by privilege.") (collecting cases, citations omitted).

Finally, granting the relief requested through this *ex parte* Application is not unfair to Patel. He will remain able to avail himself of rights under Fed. R. Civ. P. 45(c), and rules applicable to discovery generally (including rules to protect any information that is proprietary or privileged). *Matter of HES (Caribbean) Int'l Holdings, S.R.L.,* 2020 WL 728892, at *4 (D.N.J. Feb. 13, 2020) ("Nothing in this Opinion [granting Section1782 application] and Order shall be construed as limiting Northern Trust's right to challenge the subpoena pursuant to Rule 45.") (citing *In re Edelman*, 295 F.3d 171, 178-79 (2d Cir. 2002)).

---

[4] *See United States Securities and Exchange Commission v. Mediatrix Capital Inc. et al*, No. 1:19-cv-02594-RM-SKC (D. Colo. filed Sept. 12, 2019).

13

## CONCLUSION

For the above stated reasons, Applicants respectfully request that the Application be granted and an Order directing service of the draft subpoenas attached to it as Exhibits A and B be issued.

| | |
|---|---|
| Dated: February 18, 2021 | **FAEGRE DRINKER BIDDLE & REATH LLP**<br><br>By: _/s/ Jeffrey S. Jacobson_<br>Jeffrey S. Jacobson, Esq.<br>600 Campus Drive<br>Florham Park, New Jersey 07932<br>Tel: (973) 549-7000<br>Fax: (973) 549-9831<br>Email: jeffrey.jacobson@faegredrinker.com<br>*Attorneys for the Applicants* |